Davis, J.
I dissent from the first proposition of the syllabus and from the judgment of reversal. Revised Statutes,' section 2744, has nothing to do with the question before the court. It' merely provides that all corporations, domestic or foreign, shall return for taxation their property which may be within the state. It doese not require corporations to return for taxation property which may not be within the state. It does not follow, therefore, that “inasmuch as the capital -stock of neither of the corporations in question has ever been taxed in this state in the name of the company, the claimed exemption of the investments in their stocks, is not toithin the express terms of section 2746.” The exemption claimed is provided for, if at all, in the last clause of section 2746, as follows: “but no person shall be required to list for taxation any, shares of the capital stock of any company the capital stock of which is taxed in the name of such company.” This clause makes no distinction between foreign and domestic corporations, nor does it prescribe where the capital stock shall be taxed, whether at home or abroad. The obvious purpose of the legislature was to avoid double taxation, for no amount of casuistry can justify double taxation in foro conscientiae. It is held by this court that for the purposes of taxation the capital stock is represented by whatever it is invested in. Jones v. Davis, *544 35 Ohio St., 476, 477. Upon this theory, if these corporations should be taxed on their property in Canada there would be no justice in compelling a citizen of Ohio to pay tax again on the same property merely because he is the holder of certificates of shares in the capital stock and lives in Ohio. And so, in my judgment, the legislature advisedly and intentionally made the unqualified exemption contained in section 2746, and it is pure legislation for this court to insert the word “domestic” before the word “company” and the words “in this state” after the word “taxed.” If the statute needs amendment, it is the province of the general assembly and not of the Supreme Court to amend it. '